**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER EISENBERG and TAU BRAUN,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONAL DANCE INSTITUTE, et al.,<br><br>  Defendants. | Civil Action No. 22-04521 (SDW)(CLW)<br><br>**OPINION**<br><br>October 3, 2022 |

**THIS MATTER** having come before this Court upon the filing of a Motion to Strike NDI Defendants' Motion to Dismiss for Violation of L.Civ.R. 7.1 and 7.2 and Compelling Defendants to File an Answer, by Plaintiffs Jennifer Eisenberg and Tau Braun ("Plaintiffs"), and the Court having reviewed the instant Motion, (D.E. 9), and this Court having considered Defendants' National Dance Institute, Inc. ("NDI"), Marc Solomon, Kay Gayner, Ellen Weinstein, Rachel Lee, and Juan Jose Escalante, (collectively, "NDI Defendants") and Plaintiffs' letters of explanation and response, (D.E. 10; D.E. 11; D.E. 12; D.E. 13); and

**WHEREAS** Local Rule of Civil Procedure ("Local Rule") 7.1(d)(1) provides:

> No application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page.

Additionally, Local Rule 7.2(b) provides:

> Any brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages (15 pages for

>any reply brief submitted under L.Civ.R. 7.1(d)(3) and any brief in support of or in opposition to a motion for reconsideration submitted under L.Civ.R. 7.1(i)), excluding pages required for the table of contents and authorities. Briefs of greater length will only be accepted if special permission of the Judge is obtained prior to submission of the brief.

**WHEREAS** Federal Rule of Civil Procedure ("Rule") 12(f) permits a court to strike portions of pleadings that are "redundant," "immaterial," "impertinent," or "scandalous." The court may strike portions of pleadings "on its own," FED. R. CIV. P. 12(f)(1), or "on motion made by a party," FED. R. CIV. P. 12(f)(2). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Synthes, Inc. v. Emerge Med., Inc.*, No. 11-1566, 2012 WL 4473228, at * 3 (E.D. Pa. Sept. 28, 2012) (quoting *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002)).

**WHEREAS** Counsel for NDI Defendants submitted a Motion to Dismiss Plaintiffs' Complaint, (D.E. 6), which exceeded the 40-page maximum page count stipulated by Local Rule 7.2 (b) by ten pages, and which Counsel failed to obtain this Court's leave to file a brief exceeding the maximum permissible length; and

**WHEREAS** Counsel for NDI Defendants admitted failing to request permission for an overlength brief, explained that such failure was an oversight, and further explained that the additional length was "necessitated by the length and complexity of Plaintiffs' Complaint, as well as the number of separate causes of action, each of which the NDI Defendants contend is subject to dismissal on motion. Specifically, Plaintiffs' Complaint is 44 pages long, contains 202 separate

paragraphs, and asserts 16 causes of action." (D.E. 10 at 1–2.) Counsel then requested that this Court grant permission *nunc pro tunc*[1] for the overlength of the brief at issue. (*Id.* at 2.); and

**WHEREAS** Striking NDI Defendants' Motion to Dismiss will not fulfill the general purpose of a Motion to Strike, which is typically exercised to remove pleadings that are redundant, immaterial, impertinent, or scandalous. *See Synthes, Inc.*, WL 4473228, at * 3. Further, this Court prefers for cases to be decided on the merits. *Cf. United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (discussing the Third Circuit's preference for matters to be decided on the merits); and

**WHEREAS** This Court discerns no prejudice to Plaintiffs[2] by permitting NDI Defendants to submit a request for overlength a mere six days after the Motion to Dismiss was initially filed, as briefing is still underway in the matter; and

**WHEREAS** This Court recognizes that NDI Defendants' Counsel failed to adhere to the policy contained in the Local Rules, but also recognizes that NDI Defendants should not suffer significant adverse consequences that impact the merits of their case as a result of Counsel's error; and

**WHEREAS** Plaintiffs' arguments concerning the appropriateness of a Certification submitted by NDI Defendants may be addressed in Plaintiffs' opposition brief, and, further, NDI Defendants confirm they will provide an additional, clarifying Certification; therefore

---

[1] "*Nunc pro tunc* relief is 'an equitable power to grant an order now as if it were granted sometime in the past.'" *Jacobo v. AG of the United States*, 459 Fed. Appx. 112, 117 (3d Cir. 2012) (quoting *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 910 (6th Cir. 2008)).

[2] Plaintiffs suggest examination of the issue under the "excusable neglect" standard provided in Rule 6(b)(1)(B). (D.E. 11 at 2 (citing FED. R. CIV. P. 6(b)(1)(B).) That standard, however, is inapplicable in this circumstance because it pertains to the timing of motion paper submissions, not to the page count of such submissions.

Plaintiffs' Motion to Strike, (D.E. 9), is **DENIED.** Due to the complexity of the Complaint, this Court grants NDI Defendants permission *nunc pro tunc* to submit an overlength brief. Plaintiffs are hereby granted permission to submit an opposition brief that exceeds the standard page limit by up to ten (10) pages, should Plaintiffs deem it necessary to do so. Additional requests for overlength briefs will be denied and all subsequent briefs must adhere to the requirements of the Local Rules. This Court further grants a one-cycle adjournment of the briefing schedule for the Motion to Dismiss, (D.E. 6), which will proceed as follows: The opposition is due October 24, 2022. The reply is due October 31, 2022. The return date is November 7, 2022. An appropriate order follows.

      /s/ Susan D. Wigenton  
    **United States District Judge**

Orig: Clerk  
cc: Parties  
    Cathy L. Waldor, U.S.M.J.